UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER J. SANCHEZ,

Plaintiff,

v.

HAROLD CLARKE *et al.*,

Defendants.

Case No. C05-5323RBL

REPORT AND RECOMMENDATION REGARDING INJUNCTIVE RELIEF

**NOTED FOR:**
**September 23rd, 2005**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court are two motions for preliminary injunctive relief. (Dkt. # 7 and 8). Defendants have addressed the motion regarding classification, (Dkt. # 8), but have not addressed the motion regarding mail, (Dkt. # 7). (Dkt. # 18). Defendants counsel asserts they have not been properly served with the motion regarding mail. (Dkt. # 19). There is no proof of service.

Any motion plaintiff wishes the court to consider must be properly served on opposing counsel. The court will not consider the motion regarding mail at this time. If plaintiff wishes the court to consider this motion he should re note the motion and properly serve opposing counsel .

Plaintiff has spent the last year on intensive management status as a result of a fight with another inmate. That year is now over and in the normal course of business plaintiffs classification is being reviewed.

This action concerns plaintiff being placed in an intensive management unit and the possibility of his being released from that unit back into general population. Plaintiff alleges he was injured in the fight with another inmate a year ago and he can no longer defend himself. He alleges there are inmates in the prison who wish to harm him and plaintiff alleges he will be in danger if he is released back into general population in the prison. He asks for transfer to another prison, Mc Neil Island. (Dkt. # 8).

Defendants have responded indicating that plaintiff has made prison officials aware of his concerns and his counselor is recommending plaintiff be transfered to another prison and kept on intensive management status for the time being. That classification would preclude release into general population. (Dkt. # 18).

DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff fulfills neither test. Plaintiff has shown at best that prison officials are reviewing his classification in the ordinary course of business. He has not shown there is any immediate threat and prison officials indicate they are aware of plaintiff's concerns and do not plan to release him into general population at this time. Accordingly the motion for injunctive relief should be denied at this

time

CONCLUSION

For the reasons outlined above the undersigned recommends **DENYING** this motion. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 23rd, 2005**, as noted in the caption.

DATED this 30th day of August, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge