UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER J. SANCHEZ,

Plaintiff,

v.

HAROLD CLARKE *et al.*,

Defendants.

Case No. C05-5323RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**March 17th, 2006**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion to dismiss this action. (Dkt. # 28).

In his motion plaintiff states that he cannot prepare for trial because of his current housing assignment. (Dkt. # 28). Motions to dismiss by the plaintiff are covered by Federal Rule of Civil Procedure 41. Under 41 (a)(1) a plaintiff may dismiss his action once without prejudice prior to an answer being filed.

Here an answer has been filed and the parties have engaged in discovery. (Dkt. # 16 and 29). In fact, defendant's counsel states that a deposition of plaintiff has been canceled in light of plaintiffs

Report and Recommendation- 1

motion to dismiss and during a lengthy telephone conference plaintiff again indicated it was he wish to dismiss this action. (Dkt. # 29).

Dismissal under Fed. R. Civ. P 41 (a)(1) is no longer an option because of the answer being filed in this action. The court must consider dismissal under Fed. R. Civ. P. 41 (a)(2). This paragraph of the rule gives the court discretion to impose just terms and to dismiss an action with or without prejudice. Unless the court specifically dismisses the action with prejudice the dismissal is considered to be without prejudice. See, Fed. R. Civ. P 41 (a)(2). There is no indication from the file that terms are warranted and this action should be dismissed with each party to bear their own costs and without prejudice.

## CONCLUSION

Plaintiff's motion to dismiss should be **GRANTED,** Each party should bear their own costs and the action should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 17th, 2006**, as noted in the caption.

DATED this 16th day of February, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

Report and Recommendation- 2